IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADAM YEARWOOD, | * | |
| Plaintiff | * | |
| v. | * | Civ. No. DLB-23-2276 |
| SGT. FISHER, | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

On August 18, 2023, Adam Yearwood, a Maryland state prisoner who is proceeding without counsel, filed a civil rights complaint against a state correctional officer, Sgt. Fisher. ECF 1, 4. He alleges that he reported to Sgt. Fisher that he "was in danger" and his "life was threatened," she did not take his statement seriously and did nothing to protect him, and within hours, he was stabbed in the face. ECF 1, 4. Fisher filed a motion to dismiss or, in the alternative, for summary judgment. ECF 15. Yearwood was advised of his right to file a response and of the consequences of failing to do so, ECF 16, but he did not respond or file anything further in this case. A hearing is unnecessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Fisher's motion, construed as one for summary judgment, is granted. The complaint dismissed without prejudice for failure to exhaust administrative remedies.[1]

**I.   Background**

At all times relevant to the complaint, Yearwood was incarcerated at Maryland Correctional Institution Jessup ("MCIJ"). In his unverified complaint, he claims that on January 17, 2023, at

---

[1] *See Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021) (noting that when the court grants summary judgment for failure to exhaust administrative remedies, the complaint should be dismissed without prejudice).

10:00 p.m., he told Sgt. Fisher that he "was in danger" and his "life was threatened." ECF 4, at 1. Yearwood also reported that he "felt unsafe" and "needed to check in." ECF 1, at 4. He claims she did not take him seriously, laughed, and walked away without taking any action in response to his report. ECF 1, at 4; ECF 4, at 1. Later that night, Yearwood was stabbed in his face and sustained injuries that required hospital treatment. ECF 1, at 4–5. He seeks $75,000 in damages for the injury to his face and his mental health. *Id.* at 5.

In response to Yearwood's complaint, Fisher submitted affidavits and a prison logbook to establish that Yearwood did not approach her or any other correctional officer about being threatened or feeling unsafe before he was stabbed. Fisher asserts the stabbing occurred on January 16, 2023—not on January 17, as Yearwood says—and Fisher left the facility that day after her shift concluded at 3 p.m. ECF 15-7, at 1, ¶ 2. Yearwood did not report concerns to any correctional officer during that shift. *Id.* at 2, ¶ 4; ECF 15-5, ¶ 2; ECF 15-6, ¶ 2. Nor did he report concerns to any correctional officers during the 3 p.m. to 11 p.m. shift that night. ECF 15-8, at 2, ¶ 3; ECF 15-9, at 2, ¶ 3. Yearwood was assaulted by his cellmate at 10:30 p.m. on January 16. ECF 15-3, at 82.

According to records maintained by the Department of Public Safety and Correctional Services ("DPSCS"), Yearwood filed three administrative remedy procedure complaints ("ARP") before the assault but none after the assault. ECF 15-3, at 77–79. He has never appealed an ARP to the Commissioner of Correction, and he has never filed anything with the Inmate Grievance Office ("IGO").[2] ECF 15-11, 15-12.[3]

---

[2] On October 1, 2023, the IGO was renamed the Incarcerated Individual Grievance Office. *See* Md. Code Ann., Corr. Serv. § 10-201.

[3] Although Kristina Donnelly and F. Todd Taylor certify in their declarations that the "records attached are true and accurate copies of original records," there are no records attached to the declarations. ECF 15-11, ¶ 4; *see* ECF 15-12, ¶ 2.

**II.     Standard of Review**

Fisher moves to dismiss for failure to state a claim or, in the alternative, for summary judgment, and she submitted several declarations and prison records along with her memorandum in support of the motion. ECF 15-1 – 15-12. The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). When either party presents and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Yearwood received sufficient notice that the motion may be treated as a summary judgment motion. The Court sent notice advising him that Fisher's motion could be construed as one for summary judgment and could result in the entry of judgment against him. ECF 16. Moreover, Fisher's motion, identifying summary judgment as possible relief, provided sufficient notice for Yearwood to have a reasonable opportunity to present relevant evidence in support of his position. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Thus, the Court is satisfied that Yearwood has been advised that Fisher's motion could be treated as one for summary judgment and that he has been given a reasonable opportunity to present materials in response to the motion. The Court will resolve the motion under Rule 56.

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of

its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251. The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

### III.   Discussion

Fisher seeks summary judgment on Yearwood's complaint because Yearwood did not exhaust his administrative remedies before he filed suit. The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reduc[es] litigation to the extent complaints are satisfactorily resolved, and improv[es] litigation that does

4

occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Exhaustion under § 1997e(a) is mandatory, and the plaintiff must exhaust his available administrative remedies before this Court will hear his claim. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016); *Jones*, 549 U.S. at 215–16; *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005). Consequently, if Yearwood has not properly presented any of his claims through an available administrative remedy procedure, that claim must be dismissed pursuant to the PLRA. *See Ross*, 136 S. Ct. at 1857.

An administrative remedy procedure process applies to all Maryland prisons. Md. Code Regs. ("COMAR") 12.02.28.01 *et seq.* A prisoner seeking redress for a rights violation must follow that process, beginning with filing an ARP request with the prison's managing official. Md. Code Ann., Corr. Servs. § 10-206(b); COMAR 12.07.01.04; *see Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006) (to exhaust administrative remedies, a prisoner must complete "the administrative review process in accordance with the applicable procedural rules"). If his ARP request is dismissed, he can challenge the decision by filing an appeal with the Commissioner of Corrections. COMAR 12.07.01.05C. If he is dissatisfied with the result when he completes that procedure, he may file a grievance with the IGO. Corr. Servs. §§ 10-206(a), 10-210; COMAR 12.07.01.03, 05B. The IGO may refer the complaint to an administrative law judge ("ALJ") for a hearing or dismiss it without a hearing if it is "wholly lacking in merit on its face." Corr. Servs. §§ 10-207, 10-208; Cts. & Jud. Proc. § 10-208(c); COMAR 12.07.01.06A, .07, .07B, .08. If the IGO dismisses the complaint, its dismissal serves as a final agency determination. Corr. Servs. §§ 10-207(b)(1). If the complaint is referred to an ALJ, the ALJ provides a proposed decision to the Secretary of DPSCS. *See id.* § 10-209(b)–(c). The Secretary, in turn, makes a final agency determination. *See id.*

Here, the evidence before the Court shows that Yearwood never initiated the ARP process regarding his complaint that Fisher failed to protect him. Because Yearwood did not pursue the ARP process, the prison never had the opportunity to investigate his complaint about Fisher, and it was unable to address or resolve his complaint before he filed suit. Among the purposes of the exhaustion requirement is reduction in unnecessary litigation and development of a factual record to improve litigation that does occur. *See Jones*, 549 U.S. at 219. Yearwood's failure to exhaust his administrative remedies has thwarted those purposes. His complaint must be dismissed because he did not exhaust administrative remedies. *See Williams v. Carvajal*, 63 F.4th 279, 293 (4th Cir. 2023) (affirming dismissal without prejudice for failure to exhaust).

## IV.    Conclusion

Based on the undisputed record before the Court, Yearwood did not administratively exhaust his claim before he filed this lawsuit. By separate Order, the complaint is dismissed without prejudice.

December 20, 2024
Date

Deborah L. Boardman
United States District Judge